J. T. Ramírez-Cuerda, Plaintiff and Appellant, *v.* Angel María Yumet-Méndez, Defendant and Appellant.

No. 4798.   Argued November 26, 1928.—Decided December 10, 1928.

*A. García Ducós* and *L. Méndez Vas* for the plaintiff-appellant.  *J. Alemañy Sosa* for the defendant-appellant.

Mr. Justice Texidor delivered the opinion of the court.

Dr. J. T. Ramírez Cuerda has moved for dismissal of the appeal taken by the defendant on the ground that the judgment appealed from was notified to the parties by mail on July 31, 1928, and the appeal was taken on the 4th of the following September.   The motion is accompanied by a certificate of the clerk of the District Court of Aguadilla including a copy of the notice of appeal presented on September 4, 1928, and another certificate of the same clerk stating that on July 31, 1928, the judge of that court filed the opinion and judgment in the case containing a foot-note which reads as follows:

"Copies of the foregoing opinion and judgment have been mailed today to the attorneys for the parties herein.   Aguadilla, P. R., July 31, 1928.—(Signed:)   A. Méndez Liciaga, Clerk."

The appellant opposed the motion for dismissal, alleging that her attorney was not notified of the judgment until August 6, 1928, and presented with her opposition a certificate of the clerk of the District Court of Aguadilla showing, among other things, that the attorney for defendant Yumet had been notified of the judgment on August 6, 1928, and the appeal of said party was taken on September 4 of the same

year, and that it is the custom of the clerk's office to send to the attorneys for the parties copies of the opinion and judgment in the case. She presented also affidavits which proved that the notice was given on that date.

The date on which the clerk filed the copy of notice of the judgment does not appear, nor whether it was filed.

The time within which to appeal is counted from the date of filing the copy of notice of the appealable judgment. That is the law and the constant jurisprudence of this court.

A note indicating that the clerk of the court had mailed or delivered to the parties copies of the judgment does not constitute the formal notice thereof required by Act No. 70 of 1911, as held by this court in *Delgado* v. *Marquez,* 37 P.R.R. 127, and in *Del Rosario* v. *Allende,* 33 P.R.R. 733.

For the foregoing reasons the motion to dismiss is over-ruled.